JERRY S. BUSBY
Nevada Bar #001107
POOJA KUMAR
Nevada Bar #012988
COOPER LEVENSON, P.A.
3016 West Charleston Boulevard - #195
Las Vegas, Nevada  89102
 (702) 366-1125
FAX:  (702) 366-1857
jbusby@cooperlevenson.com
pkumar@cooperlevenson.com
Attorneys for Defendant
SMITH'S FOOD & DRUG CENTERS, INC.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MICHELLE ELLIOTT, an individual,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SMITH'S FOOD & DRUG CENTERS, INC. dba SMITH'S, a Foreign Corporation; DOES I-X, inclusive; and ROE CORPORATIONS I-X, inclusive,<br><br>　　　　　Defendants. | Case No. 2:23-cv-01804-CDS-EJY<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES**<br><br>**[FIRST REQUEST]** |

There is good cause for this Stipulation in accordance with Local R. 26-3 (requiring that a "stipulation to extend any date set by the discovery plan, scheduling order, or other order… must be supported by a showing of good cause for the extension").

The Parties in this case have been working diligently to gather medical records, conduct depositions, and engage in other meaningful discovery.  However, there have been issues that have hindered this process.  First, the Parties have been meeting and conferring amicably about discovery disputes that have arisen between them.  Secondly, the Parties have been engaged in good faith efforts to resolve this matter prior to incurring additional litigation fees and costs.

In order to allow the Parties to conduct meaningful discovery to prepare for trial and to work to resolve this to avoid trial, the instant Stipulation has been entered into and agreed to by the Parties to request an additional ninety (90) days to conduct vital discovery.  This is the first such Stipulation

NG-C2N3CBX6 4872-3863-5452.1

sought by the Parties.

**IT IS HEREBY STIPULATED AND AGREED**, by and between Plaintiff MICHELLE ELLIOTT (hereinafter "Plaintiff"), by and through her counsel of record, ADAM FULTON, ESQ. and LOGAN WILSON, ESQ. of the law firm of JENNINGS & FULTON, LTD., and Defendant SMITH'S FOOD & DRUG CENTERS, INC. (hereinafter "SMITH'S"), by and through its counsel of record, JERRY S. BUSBY, ESQ. and POOJA KUMAR, ESQ. of the law firm of COOPER LEVENSON, P.A., that all deadlines be extended by ninety (90) days, as set forth below, to allow the Parties time to complete necessary discovery prior to trial.

**I.    STATEMENT SPECIFYING DISCOVERY THAT HAS BEEN COMPLETED**

To date, the Parties have completed the following discovery:

- Plaintiff served her FRCP 26(a)(1) initial disclosure statement.
- SMITH'S served its FRCP 26(a)(1) initial disclosure statement.
- SMITH'S propounded written discovery requests upon Plaintiff pursuant to FRCP 33, 34, and 36.
- Plaintiff responded to SMITH'S propounded written discovery requests.[1]
- Plaintiff propounded written discovery requests upon SMITH'S pursuant to FRCP 33, 34, and 36.
- The Parties have been collecting Plaintiff's relevant medical records.
- The Parties are working to schedule party and witness depositions.
- The Parties have met and conferred in good faith regarding reasonable discovery remaining to be completed and a reasonable timeline for the completion of remaining discovery.

**II.   SPECIFIC DESCRIPTION OF DISCOVERY THAT REMAINS TO BE COMPLETED**

The Parties have yet to complete the following discovery:

- SMITH'S will serve responses to Plaintiff's propounded written discovery requests.
- Plaintiff will take the depositions of percipient employee witnesses of SMITH'S.
- SMITH'S will take the deposition of Plaintiff and her husband.
- Plaintiff will take the deposition of SMITH'S FRCP 30(b)(6) representative.
- The Parties intend to retain and designate initial and rebuttal expert witnesses.

---

[1] The Parties are presently engaged in motion practice regarding discovery responses.

NG-C2N3CBX6 4872-3863-5452.1

- The Parties intend to conduct a site inspection of the area where the subject incident occurred.
- SMITH'S intends to depose Plaintiff's key medical providers.
- The Parties intend to depose disclosed expert witnesses.
- The Parties continue to collect Plaintiff's relevant medical records.
- The Parties intend to serve supplements to written discovery responses and disclosures.
- The Parties will assess the need for additional discovery and conduct same accordingly.

### III. REASONS WHY DISCOVERY REMAINING WAS NOT COMPLETED WITHIN DEADLINES CONTAINED IN DISCOVERY PLAN AND SCHEDULING ORDER

Since the commencement of discovery, the Parties have been working amicably together to gather relevant documents, issue necessary discovery, depose necessary parties and witnesses, and engage in meaningful discussions of discovery conducted and to be conducted. However, due to the Parties' efforts to resolve a discovery dispute without Court intervention, and due to the recent settlement discussions between counsel, the Parties have experienced a delay in discovery.

Additionally, Plaintiff has numerous medical records due to the medical care she underwent allegedly resulting from the subject incident. Therefore, the Parties are working to exchange medical records and authorizations to obtain same. Due to the above stated issues, the Parties respectfully request an additional ninety (90) days to fully explore resolution options and to complete adequate and vital discovery to prepare for trial in the event this case does not settle.

### IV. PROPOSED SCHEDULE FOR COMPLETING ALL REMAINING DISCOVERY

As a result of the above, it is requested that the discovery deadlines in this case be continued ninety (90) days from their present deadlines, as follows:

1. **Discovery Cut-Off Date**: The Parties jointly propose that the discovery cut-off date be extended ninety (90) days from its present deadline of July 30, 2024, to **October 28, 2024**.

2. **Amending the Pleadings and Adding Parties**: The Parties are aware that the deadline to amend the pleadings and add parties has passed. As such, the Parties do not seek an extension of this deadline.

3. **Fed. R. Civ. P. 26(a)(2) Disclosure of Experts**: The Parties jointly propose that the initial expert disclosure deadline be extended ninety (90) days from its present deadline of May 31,

3

2024, to **August 29, 2024**; and the rebuttal expert disclosure deadline be extended ninety-one (91) days from its present deadline of July 1, 2024, to **September 30, 2024**.

    4.    **Dispositive Motions**: In the event that the discovery period is extended from the discovery cut-off date set forth in the applicable Discovery Plan and Scheduling order, the Parties jointly propose that the date for filing dispositive motions be extended ninety (90) days from its present deadline of August 29, 2024, to **November 27, 2024**.

    5.    **Pre-Trial Order**: The Parties jointly propose that the date for filing the joint pre-trial order, which is currently set for September 30, 2024, be extended ninety-one (91) days to **December 30, 2024**. In the event that dispositive motions are filed, the Parties jointly propose that the date for filing the joint pre-trial order be suspended until thirty (30) days after decision on dispositive motions or until further Order of the Court. In the further event that the discovery period is extended from the discovery cut-off date set forth in the applicable Discovery Plan and Scheduling Order, the Parties jointly propose that the date for filing the joint pre-trial order be extended in accordance with the time periods set forth in this Paragraph.

    6.    **Fed. R. Civ. P. 26(a)(3) Disclosure**: The disclosure required by FRCP 26(a)(3), and any objections thereto, shall be included in the joint pre-trial order.

    7.    **Alternative Dispute Resolution**: Counsel for the Parties certify that they met and conferred about the possibility of using alternative dispute resolution including mediation, arbitration, and/or early neutral evaluation. The Parties have not scheduled any such ADR forum at this point, but they agree to reconsider following additional or completion of discovery.

    8.    **Alternative Forms of Case Disposition**: The Parties certify that they discussed consenting to trial by a magistrate judge or engaging in the Short Trial Program under FRCP 73 and, at present, do not consent to either alternative form of case disposition.

    9.    **Electronic Evidence**: The Parties certify that they have discussed and intend to use electronic evidence at the trial of this matter and will ensure that said evidence is in an electronic format compatible with the Court's electronic jury evidence display system. At present, the Parties have not agreed upon any stipulations regarding the use of electronic evidence but will address this issue again in the joint pre-trial order.

10. **Extensions or Modifications of the Discovery Plan and Scheduling Order**: Any stipulation or motion must be made no later than twenty-one (21) days before the subject deadline. Requests to extend discovery deadlines must comply fully with LR 26-3.

**IT IS SO STIPULATED.**

| | |
|---|---|
| DATED this 6th day of May, 2024.<br>**JENNINGS & FULTON, LTD.** | DATED this 6th day of May, 2024.<br>**COOPER LEVENSON, P.A.** |
| /s/ Logan G. Wilson | /s/ Pooja Kumar |
| ADAM R. FULTON, ESQ.<br>Nevada Bar No. 11572<br>LOGAN G. WILSON, ESQ.<br>Nevada Bar No. 14967<br>2580 Sorrel Street<br>Las Vegas, Nevada 89146<br>(702) 979-3565<br>*Attorneys for Plaintiff*<br>*Michelle Elliott* | JERRY S. BUSBY, ESQ.<br>Nevada Bar No. 01107<br>POOJA KUMAR, ESQ.<br>Nevada Bar No. 12988<br>3016 West Charleston Boulevard, Suite 195<br>Las Vegas, Nevada 89102<br>(702) 366-1125<br>*Attorneys for Defendant*<br>*Smith's Food & Drug Centers, Inc.* |

**IT IS SO ORDERED.**

_____
**UNITED STATES MAGISTRATE JUDGE**

DATED:   May 7, 2024

NG-C2N3CBX6 4872-3863-5452.1

5